U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 23 PM 1: 27

LORETTA G. WHYTE
CLERK

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY A. STOKES #416834** | **CIVIL ACTION** |
| **versus** | **NO. 05-202** |
| **AVOYELLES CORRECTIONAL CENTER** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
_X_/ Dktd_____
_√_ CtRmDep_____
___ Doc. No._____

Petitioner, Beverly A. Stokes, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On January 15, 2002, he was convicted of possession with intent to distribute cocaine in violation of La.Rev.Stat.Ann § 40:967 and possession of a firearm by a convicted felon in violation of La.Rev.Stat.Ann § 14:95.1.[2] On February 1, 2002, he was sentenced on the drug conviction to a term of fifteen years imprisonment and on the firearm conviction to a term of ten years imprisonment. It was ordered that he serve his sentences without benefit of parole, probation, or suspension of sentence, that he be given credit for time served, and that the sentences run concurrently.[3] Petitioner then pled guilty to being a second offender, his original sentence on the drug conviction was vacated, and he was resentenced as a multiple offender with respect to that conviction to a term of fifteen years imprisonment without benefit of probation or suspension of sentence. It was again ordered that he be given credit for time served and that his sentences run concurrently.[4] On October 16, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions.[5] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

---

[2] State Rec., Vol. I of IV, transcript of January 15, 2002, p. 174; State Rec., Vol. I of IV, minute entry dated January 15, 2002; State Rec., Vol. I of IV, jury verdict forms.

[3] State Rec., Vol. I of IV, transcript of February 1, 2002, pp. 5 and 8-9; State Rec., Vol. I of IV, minute entry dated February 1, 2002.

[4] State Rec., Vol. I of IV, transcript of February 1, 2002, pp. 6-8; State Rec., Vol. I of IV, minute entry dated February 1, 2002.

[5] State v. Stokes, 831 So.2d 354 (La. App. 5th Cir. 2002) (No. 02-KA-339); State Rec., Vol. III of IV.

On May 2, 2003, petitioner filed with the state district court an application for post-conviction relief.[6]  That application was denied on May 8, 2003, because he failed to use the application form required by state law.[7]

On June 9, 2003, petitioner filed with the state district court a second application for post-conviction relief.[8]  That application was denied on June 16, 2003.[9]  Petitioner then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on August 29, 2003.[10]  He next filed with the Louisiana Supreme Court an application for writs of certiorari and/or review[11] which was denied on November 8, 2004.[12]

On January 19, 2005, petitioner filed this federal application for *habeas corpus* relief.[13]  In support of his application, petitioner raises the following claims:

---

[6] State Rec., Vol. III of IV.

[7] State Rec., Vol. III of IV, Order dated May 8, 2003.

[8] State Rec., Vol. III of IV.

[9] State Rec., Vol. II of IV, Order dated June 16, 2003.

[10] State v. Stokes, No. 03-KH-982 (La. App. 5th Cir. Aug. 29, 2003) (unpublished); State Rec., Vol. IV of IV.

[11] State Rec., Vol. IV of IV.

[12] State *ex rel.* Stokes v. State, 885 So.2d 1127 (La. 2004) (No. 2003-KH-2750).  While that application was pending before the Louisiana Supreme Court, petitioner filed a motion to vacate his sentence with the state district court on July 23, 2004.  State Rec., Vol. III of IV.  That application was denied on July 27, 2003.  State Rec., Vol. II of IV, Order dated July 27, 2003.

[13] Rec. Doc. 1.

- 3 -

1. Petitioner's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

2. Petitioner's conviction was obtained by use of evidence gained pursuant to an unlawful arrest; and

3. Petitioner received ineffective assistance of counsel.

The state concedes that petitioner's federal application is timely but argues that the application should be dismissed because he failed to exhaust his state court remedies with respect to his ineffective assistance of counsel claim.[14]  For the following reasons, this Court agrees.

The United States Supreme Court has held:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, ___, 124 S.Ct. 1347, 1349 (2004) (internal quotation marks and citations omitted).  Further, the United States Fifth Circuit Court of Appeals has noted:

> A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement.  The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement. *This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.*

---

[14]  Rec. Doc. 6.  The state concedes that petitioner's Fourth Amendment claim is exhausted.

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (emphasis added). Additionally, the United States Supreme Court has held that a petitioner must *expressly* present his claim in his pleading before the state's highest court, in that courts are not required to review prior decisions or briefs in the case to ferret out what claims the petitioner may be asserting.  The Supreme Court stated:

> We consequently hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as lower court opinions in the case, that does so.

Baldwin, 541 U.S. at ___, 124 S.Ct. at 1351.

Therefore, to make a determination regarding the issue of exhaustion, this Court must compare the ineffective assistance claim presented in petitioner's federal application with the claims asserted in his writ application filed with the Louisiana Supreme Court.

In his federal application, petitioner contends that his trial counsel[15] was ineffective in the following respects:

1. Counsel failed to secure a ruling on the motion to suppress prior to trial;[16]

2. Counsel failed to file a timely motion for a new trial;[17] and

---

[15]  In the memorandum accompanying petitioner's federal application, he also alleges in passing that his appellate counsel was ineffective. Rec. Doc. 1, supporting memorandum, p. 14.  If that allegation is meant to be a claim in this federal proceeding, the Court notes that petitioner also failed to exhaust that claim by expressly presenting it to the Louisiana Supreme Court in his writ application.

[16]  See Rec. Doc. 1, question 12(C), and supporting memorandum, p. 14.

[17]  See Rec. Doc. 1, question 12(C), and supporting memorandum, p. 8.

3. Counsel failed to call the confidential informant as a witness or to call other potentially exculpatory witnesses.[18]

In his only writ application filed with the Louisiana Supreme Court, i.e. the writ application in case number 2003-KH-2750, petitioner did present an ineffective assistance of counsel claim. However, in that writ application, petitioner argued that his counsel was ineffective only in failing to investigate the source of the confidential informant's knowledge and in failing to call exculpatory witnesses. He did not argue that his counsel was ineffective in failing to secure a ruling on the motion to suppress prior to trial or in failing to file a timely motion for a new trial. Therefore, even if the claims regarding the confidential informant and the witnesses can be considered exhausted, the remaining ineffective assistance claims clearly cannot. The United States Fifth Circuit Court of Appeals has held that when an ineffective assistance claim presented in federal court is based on significantly different underlying facts than the ineffective assistance claim in state court, then state remedies have not been exhausted. Petty v. McCotter, 779 F.2d 299, 302 (5th Cir. 1986); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983).

Because petitioner's federal application contains both exhausted and unexhausted claims, it is a mixed petition which should be dismissed without prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

---

[18] See Rec. Doc. 1, question 12(C), and supporting memorandum, p. 8.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Beverly A. Stokes be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of March, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**