FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 15   AM 8: 26

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVERLY A. STOKES #416834** | **CIVIL ACTION** |
| **versus** | **NO. 05-202** |
| **AVOYELLES CORRECTIONAL CENTER** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

On March 23, 2005, the undersigned United States Magistrate Judge issued a report recommending that petitioner's federal *habeas corpus* application be dismissed without prejudice.[1] It was noted that petitioner's application was a "mixed petition" because he failed to exhaust his state court remedies with respect to some of his claims.  It was further noted that the law requires that mixed petitions be dismissed without prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

Petitioner filed objections to that Report and Recommendation.[2] In those objections, petitioner cited the United States Supreme Court's recent decision in Rhines v. Weber, 125 S.Ct.

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 8.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

1528 (2005).  The United States District Judge remanded this matter for consideration of the applicability of <u>Rhines</u> to the instant case.[3]

As noted in the order of remand, <u>Rhines</u> was decided after the issuance of the Report and Recommendation.  However, for the following reasons, the Court finds that the decision in <u>Rhines</u> has no applicability to the instant case.

In <u>Rhines</u>, the United States Supreme Court granted certiorari to resolve a split in the Circuits on the issue of "whether a federal district court has discretion to stay [a] mixed petition to allow [a] petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition."  <u>Rhines</u>, 125 S.Ct. at 1531.  The Supreme Court answered that question affirmatively.

<u>Rhines</u> does not aid petitioner in any way.  Clearly, <u>Rhines</u> does not change the rule that federal courts normally may not consider mixed petitions.  In fact, the Supreme Court expressly acknowledged that the Antiterrorism and Effective Death Penalty Act of 1996 preserved the total exhaustion rule set forth in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  <u>Rhines</u>, 125 S.Ct. at 1533.  Rather, the legal significance of <u>Rhines</u> is that it established that a federal district court may grant a petitioner's request to stay a mixed *habeas corpus* petition to allow him an opportunity to return to state court to exhaust his remedies as to his unexhausted claims.  However, that ruling is of no help to petitioner, because he has never requested that this Court stay these proceedings to allow him to assert his unexhausted claims in state court.

---

[3] Rec. Doc. 9.

Although <u>Rhines</u> is inapplicable, it appears that dismissal without prejudice is no longer appropriate for other reasons.  In his objections, petitioner requests that he be allowed "a reasonable amount of time to delete the unexhausted claims and proceed with the exhausted claims" in his federal application.[4]  It is recommended that petitioner's request be granted.  In <u>Neslo v. Cain</u>, No. 97-31025 (5th Cir. Aug. 10, 1998) (unpublished), a *habeas* petitioner presented an application containing both exhausted and unexhausted claims.  Facing dismissal of his application for failure to exhaust, the petitioner requested that the district court allow him to proceed on the exhausted claims because the statute of limitations would render untimely a subsequently filed federal application. The Fifth Circuit held that the district court abused its discretion in dismissing the petition without allowing the petitioner the opportunity to withdraw his unexhausted claims as requested.  In light of the ruling in <u>Neslo</u>, it is recommended that petitioner be allowed to delete his unexhausted claims as requested.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petitioner's request to delete his unexhausted claims be **GRANTED** and that he be allowed to proceed on his exhausted claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[4] Rec. Doc. 8, p. 5.

- 3 -

court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 14 day of June, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**