## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BEVERLY A. STOKES #416834**                          **CIVIL ACTION**

**versus**                                            **NO. 05-202**

**AVOYELLES CORRECTIONAL CENTER**                      **SECTION: "N" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Beverly A. Stokes, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On January 15, 2002, he was convicted of possession with intent to distribute cocaine in violation of La.Rev.Stat.Ann § 40:967 and possession of a firearm by a convicted felon in violation of La.Rev.Stat.Ann § 14:95.1.[2]  On February 1, 2002, he was sentenced on the drug conviction to a term of fifteen years imprisonment and on the firearm conviction to a term of ten years imprisonment.  It was ordered that he serve his sentences without benefit of parole, probation, or suspension of sentence, that he be given credit for time served, and that the sentences run concurrently.[3]  Petitioner then pled guilty to being a second offender, his original sentence on the drug conviction was vacated, and he was resentenced as a multiple offender with respect to that conviction to a term of fifteen years imprisonment without benefit of probation or suspension of sentence.  It was again ordered that he be given credit for time served and that his sentences run concurrently.[4]  On October 16, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions.[5]  He did not seek review of that judgment by the Louisiana Supreme Court.

---

[2] State Rec., Vol. I of IV, transcript of January 15, 2002, p. 174; State Rec., Vol. I of IV, minute entry dated January 15, 2002; State Rec., Vol. I of IV, jury verdict forms.

[3] State Rec., Vol. I of IV, transcript of February 1, 2002, pp. 5 and 8-9; State Rec., Vol. I of IV, minute entry dated February 1, 2002.

[4] State Rec., Vol. I of IV, transcript of February 1, 2002, pp. 6-8; State Rec., Vol. I of IV, minute entry dated February 1, 2002.

[5] State v. Stokes, 831 So.2d 354 (La. App. 5th Cir. 2002) (No. 02-KA-339); State Rec., Vol. III of IV.

On May 2, 2003, petitioner filed with the state district court an application for post-conviction relief.[6]  That application was denied on May 8, 2003, because he failed to use the application form required by state law.[7]

On June 9, 2003, petitioner filed with the state district court a second application for post-conviction relief.[8]  That application was denied on June 16, 2003.[9]  Petitioner then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on August 29, 2003.[10]  He next filed with the Louisiana Supreme Court an application for writs of certiorari and/or review[11] which was denied on November 8, 2004.[12]

On January 19, 2005, petitioner filed this federal application for *habeas corpus* relief.[13]  In support of his application, petitioner raised the following claims:

    1.  Petitioner's conviction was obtained by use of evidence gained

        pursuant to an unconstitutional search and seizure;

---

[6] State Rec., Vol. III of IV.

[7] State Rec., Vol. III of IV, Order dated May 8, 2003.

[8] State Rec., Vol. III of IV.

[9] State Rec., Vol. II of IV, Order dated June 16, 2003.

[10] <u>State v. Stokes</u>, No. 03-KH-982 (La. App. 5th Cir. Aug. 29, 2003) (unpublished); State Rec., Vol. IV of IV.

[11] State Rec., Vol. IV of IV.

[12] <u>State *ex rel.* Stokes v. State</u>, 885 So.2d 1127 (La. 2004) (No. 2003-KH-2750).  While that application was pending before the Louisiana Supreme Court, petitioner filed a motion to vacate his sentence with the state district court on July 23, 2004.  State Rec., Vol. III of IV.  That application was denied on July 27, 2003.  State Rec., Vol. II of IV, Order dated July 27, 2003.

[13] Rec. Doc. 1.

2.  Petitioner's conviction was obtained by use of evidence gained

pursuant to an unlawful arrest; and

3.  Petitioner's counsel was ineffective in several respects.

The state conceded that petitioner's federal application was timely filed but argued that the application should be dismissed because he failed to exhaust his state court remedies with respect to some subparts of his ineffective assistance of counsel claim.[14]  The undersigned agreed and issued a report finding that petitioner had not exhausted his claims that his counsel was ineffective in failing to secure a ruling on the motion to suppress prior to trial and in failing to file a timely motion for a new trial.  Therefore, because petitioner's federal application contained both exhausted and unexhausted claims, it was recommended that the application be dismissed without prejudice as a mixed petition.[15]  Petitioner then asked that he be allowed to delete his unexhausted claims and proceed on only his exhausted claims.[16]  That request was granted.[17]  Petitioner also requested additional time to file an amended application containing only the exhausted claims,[18] that motion was granted,[19] and petitioner has in fact filed an amended application.[20]  The Court will therefore address the claims presented in that amended application.

---

[14]  Rec. Doc. 6.

[15]  Rec. Doc. 7.

[16]  Rec. Doc. 8.

[17]  Rec. Doc. 13.

[18]  Rec. Doc. 11.

[19]  Rec. Doc. 12.

[20]  Rec. Doc. 18.

<u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in <u>Williams[ v. Taylor</u>, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (citations omitted).

<u>Facts</u>

On direct appeal, the Louisiana Fifth Circuit Court of Appeal summarized the facts of this case as follows:

> One day in early August 2001, at approximately 6:30 p.m., Deputies Antonio Frere and Kevin Balser went to 608 South Upland in Kenner and knocked on the door of Apartment 10 identifying themselves as deputies with the Jefferson Parish Sheriff's Office. Defendant who, according to the deputies, was sitting on the bed inside the room opened the door.  The deputies observed defendant holding a ceramic plate with three clear plastic bags containing approximately 20 grams of crack cocaine.  On the bed, in plain view, Deputy Frere observed another 3.0 grams of cocaine, a .38 revolver, plastic bags and an electronic scale commonly used in packaging narcotics.   Upon observing the illegal contraband, the deputies arrested defendant and Denise Bush, who was seated on a chair next to the bed.  A search warrant was subsequently obtained for the room. During the search, the police found a Rubbermaid container under the covers of the bed containing approximately 37 grams of cocaine and a .22 pistol hidden behind the television.[21]

<u>Fourth Amendment Claims</u>

In his first two claims, petitioner argues that his rights under the Fourth Amendment were violated because he was subjected to an illegal, warrantless search and seizure and the resulting evidence was wrongly used to obtain his convictions.

As the state notes in its supplemental response, such claims are normally barred in federal *habeas corpus* proceedings.  In <u>Stone v. Powell</u>, 428 U.S. 465 (1976), the United States Supreme Court held: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

---

[21]   <u>State v. Stokes</u>, 831 So.2d 354, 355-56 (La. App. 5th Cir. 2002) (No. 02-KA-339); State Rec., Vol. III of IV.

ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." Id. at 494 (footnote omitted); see also Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002). The Stone bar applies even if the state court rulings regarding the Fourth Amendment claims were in fact erroneous. Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978).

That said, the state nevertheless opines that the Stone bar does not apply here based on the procedural history of petitioner's case. The record reflects that petitioner's counsel filed a pretrial motion to suppress;[22] however, apparently, the state district court never in fact heard and ruled on that motion, and petitioner's counsel failed to pursue a hearing or ruling. The state posits that the Stone bar is therefore inapplicable because the motion went unlitigated.[23] For the following reasons, the undersigned disagrees. Accordingly, this Report and Recommendation hereby serves as notice to petitioner that the Court is invoking the Stone bar *sua sponte*.[24]

Interpreting Stone, the United States Fifth Circuit Court of Appeals has clearly held:

> An "opportunity for full and fair litigation" means just that:  an opportunity.  If a state provides the *processes* whereby a defendant *can* obtain full and fair litigation of a fourth amendment claim, Stone v. Powell bars federal habeas corpus consideration of that claim *whether or not the defendant employs those processes*.

Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978) (emphasis added). The Court of Appeals subsequently noted that the same rule applies even where a defendant in a particular case attempts

---

[22]  State Rec., Vol. I of IV.

[23]  Rec. Doc. 17, p. 1 n.1.

[24]  The United States Fifth Circuit Court of Appeals has held that the Stone bar may be raised *sua sponte*.  Davis v. Blackburn, 803 F.2d 1371, 1372-73 (5th Cir. 1986).

to litigate a Fourth Amendment claim but the state court erroneously refuses to consider that claim,

holding:

> [I]n the absence of allegations that the *processes* provided by a state
> to fully and fairly litigate fourth amendment claims are *routinely or
> systematically* applied in such a way to prevent the actual litigation
> of fourth amendment claims on the merits, the rational of <u>Caver</u>
> dictates that <u>Swicegood</u>'s application of <u>Stone</u> despite a mistake in
> adjudicating the merits must apply with equal force to procedural
> mistakes that thwart the presentation of fourth amendment claims.

<u>Williams v. Brown</u>, 609 F.2d 216, 220 (5th Cir. 1980) (emphasis added); <u>see also</u> <u>Janecka</u>, 301 F.3d

at 321 ("[A]bsent additional allegations that state processes routinely or systematically are applied

in such a way as to prevent the actual litigation of Fourth Amendment claims, mistakes that thwart

the presentation of Fourth Amendment claims do not render the <u>Stone</u> bar inapplicable.").

It is beyond cavil that Louisiana courts provide criminal defendants the opportunity

to raise Fourth Amendment claims.  In the instant case, petitioner does not even allege, much less

demonstrate, that Louisiana state courts preclude litigation of claims such as the ones he now raises.

Where, as here, there are insufficient factual allegations and proof that the state process is routinely

or systematically applied in such a way as to prevent the actual litigation of such claims, the <u>Stone</u>

bar applies.

Moreover, the United States Fifth Circuit Court of Appeals has clearly held that the

<u>Stone</u> bar applies in those cases where no motion to suppress was ever filed.  <u>Caver</u>, 577 F.2d at

1192-93.  Certainly then, the bar should likewise apply in the similar context here, where counsel

filed but then abandoned such a motion.  The result in state court is the same:  the Fourth

Amendment claims were never actually litigated.  The result in federal court, i.e. the application of

the <u>Stone</u> bar, should likewise be the same.

Ineffective Assistance of Counsel

Petitioner next claims that his trial counsel was ineffective.  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See id. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).   "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  See Strickland, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the

- 9 -

relative role that the alleged trial errors played in the total context of [the] trial."  <u>Crockett</u>, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting an ineffective assistance of counsel claim.  Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." <u>Jernigan v. Collins</u>, 980 F.2d 292, 296 (5th Cir. 1993); <u>see also</u> <u>Clark v. Johnson</u>, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  <u>Strickland</u>, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. <u>Moore v. Cockrell</u>, 313 F.3d 880, 881 (5th Cir. 2002). Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Because petitioner has withdrawn his unexhausted ineffective assistance of counsel claims,[25] this Court need only address his exhausted claims, i.e. that counsel was ineffective in failing to investigate the source of the confidential informant's knowledge and in failing to call exculpatory witnesses.

In the state post-conviction proceedings, the state district court rejected those claims, holding:

---

[25]   As noted in the original Report and Recommendation, petitioner failed to exhaust his claims that his counsel was ineffective in failing to secure a ruling on the motion to suppress prior to trial and in failing to file a timely motion for a new trial.  Rec. Doc. 7.  Petitioner subsequently was granted permission to delete those claims, Rec. Doc. 13, and he in fact did so in his amended application, Rec. Doc. 18.

[T]he defendant contends he was denied effective assistance of counsel. In particular, the defendant alleges his counsel failed to secure the hotel manager and/or supervisor as a defense witness for trial. He claims this alleged witness could have testified as to who leased and/or rented the apartment where the defendant was arrested. At the very least, defense counsel could have secured a statement from this alleged witness. Defendant also argues that his counsel allegedly failed to investigate the anonymous source of information pertaining to the defendant's prior arrest at the same apartment.

The Supreme Court of the United States established standards for the claim on ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test established by the Supreme Court provides that in order for a claim of ineffective assistance of counsel to prevail, the petitioner must show the counsel made errors so serious that counsel was not functioning as guaranteed by the Sixth Amendment and that the deficient performance prejudiced the defense in that the errors were so serious as to deprive petitioner of a fair trial.

The Louisiana Supreme Court addressed this very issue in State v. Strahan, 325 So.2d 231 (La. 1975).

> "Further, failure of trial counsel to adequately question alibi witnesses, properly investigate the case, make an opening statement, have defendant take the stand, request particular special charges, and object to certain questions asked of witnesses at trial are all claimed to clearly show that defendant was not adequately and effectively represented at the trial. We do not agree. These charges are either leveled at decisions made by counsel during the heat of trial, the correctness of which cannot be determined by hindsight, or the validity of which is not evident from the record." Id. at 233.

The defendant's claims are essentially with his counsel's decisions regarding witnesses and motions filed during trial. These claims are basically trial tactics based on the criteria established by the Supreme Court in Strahan. According to Strahan, an attorney's decisions as to trial tactics do not rise to the level of ineffective assistance of counsel. Thus, defendant's claim must fail because his

> counsel's action at trial was considered trial tactics according to
> <u>Strahan</u> and under the <u>Strickland</u> test.[26]

The Louisiana Fourth Circuit Court of Appeal found "no error" in that judgment,[27] and the Louisiana Supreme Court rejected the related writ application without assigning reasons.[28] This Court likewise finds no error in that ruling.

To the extent that petitioner is contending that counsel failed to perform an adequate investigation regarding the confidential informant, his claim falls woefully short. A petitioner asserting a claim for inadequate investigation bears the burden to provide factual support for his allegations as to what further investigation would have revealed. <u>Moawad v. Johnson</u>, 143 F.3d 942, 948 (5th Cir. 1998). He has provided no such factual support for his contentions.

To the extent that petitioner is contending that counsel should have called other witnesses, his claim is similarly deficient. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." <u>Evans v. Cockrell</u>, 285 F.3d 370, 377 (5th Cir. 2002) (citing <u>Sayre v. Anderson</u>, 238 F.3d 631, 635-36 (5th Cir. 2001)). To show the prejudice required to support an ineffective assistance claim premised on the failure to call a witness, a petitioner "'must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial.'" <u>Evans</u>, 285 F.3d at 377 (quoting <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir. 1985)).

---

[26]  State Rec., Vol. II of IV, Order dated June 16, 2003.

[27]  <u>State v. Stokes</u>, No. 03-KH-982 (La. App. 5th Cir. Aug. 29, 2003) (unpublished); State Rec., Vol. IV of IV.

[28]  <u>State *ex rel.* Stokes v. State</u>, 885 So.2d 1127 (La. 2004) (No. 2003-KH-2750).

Petitioner furnished neither the state courts nor this Court any evidence in support of his bald assertions regarding the proposed witnesses.  He has not provided an affidavit from the potential witnesses or any other corroboration that they would have testified in a manner consistent with petitioner's version of the facts or, for that matter, that they would have testified at trial at all. Petitioner has, therefore, failed to establish either that counsel's performance was deficient or that prejudice resulted from the failure to call the proposed witnesses.

In this case, the state court identified the proper standard, i.e. the Strickland standard, and applied it in a reasonable manner.  Therefore, petitioner has failed to demonstrate that the state court's decision rejecting his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this Court likewise rejects those claims.

<u>Sufficiency of the Evidence</u>

In his amended application, petitioner also appears to add a new claim, i.e. that there was insufficient evidence to support his convictions.[29]  Although that claim is arguably unexhausted, it is also clearly meritless.  Accordingly, in the interest of judicial economy, the undersigned recommends that it simply be dismissed on that basis.[30]

---

[29]  Rec. Doc. 18, p. 13.

[30]  A federal *habeas* court clearly has the authority to deny the claim on the merits, regardless of whether petitioner exhausted state remedies and whether exhaustion is waived by the state.  Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); 28 U.S.C. § 2254(b)(2).

The United States Fifth Circuit Court of Appeals has noted that claims of insufficient evidence are to be analyzed pursuant to the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979):

> In considering challenges to the sufficiency of evidence in habeas proceedings, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (quoting Jackson, 443 U.S. at 319).  This Court may find the evidence sufficient even though the facts additionally support one or more reasonable hypotheses which are consistent with petitioner's claim of innocence.  Foy v. Donnelly, 959 F.2d 1307, 1316 (5th Cir. 1992); see also Gibson v. Collins, 947 F.2d 780, 783 (5th Cir. 1991).  "The Jackson inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'"  Santellan, 271 F.3d at 193 (quoting Herrera v. Collins, 506 U.S. 390, 402 (1993)).

In the instant case, petitioner was convicted of possession with intent to distribute cocaine and possession of a firearm by a convicted felon.  At trial, Deputies Frere and Balser testified that, upon entering the room, they observed petitioner holding a ceramic plate with three clear plastic bags containing approximately 20 grams of crack cocaine.  They also observed another 3.0 grams of cocaine, a .38 revolver, plastic bags, and an electronic scale on the bed next to him.  Further, at trial it was established that, during a subsequent search, the police found another 37 grams of cocaine in a container and a .22 pistol hidden behind the television.  Defense counsel stipulated that petitioner had a prior cocaine possession conviction, and his conviction records were admitted at trial.

Clearly, there was sufficient evidence to show that petitioner was in possession of the cocaine based on the deputies' testimony.  Therefore, the only remaining issue is whether there was sufficient evidence to show that the cocaine was intended for distribution.  Under Louisiana law, an intent to distribute may be inferred from a number of factors:

> These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

State v. Hearold, 603 So.2d 731, 735 (La. 1992).

In the instant case, the officers had a tip that cocaine was being packaged and distributed at the location.  When the officers arrived, they found at the location more than sixty grams of cocaine in a form consistent with distribution.  Distribution paraphernalia, including baggies and a scale, were also found.  In light of the foregoing, there was more than sufficient evidence to support petitioner's conviction for possession with intent to distribute.

Likewise, the evidence was more than sufficient to support the conviction for possession of a firearm by a convicted felon.  Defense counsel stipulated that petitioner had a prior conviction for possession of cocaine,[31] and the records of that prior felony conviction were admitted at trial.[32]  There was a gun on the bed next to petitioner when the officers arrived, and another gun was found on the premises.

---

[31]  State Rec., Vol. I of IV, transcript of January 15, 2002, p. 123.

[32]  State Rec., Vol. I of IV, transcript of January 15, 2002, p. 127.

Accordingly, for all of the foregoing reasons, petitioner's challenge to the sufficiency of the evidence is wholly without merit.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Beverly A. Stokes be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____21st_____ day of November, 2006.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**